UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID EUGENE BRINKLEY

    Plaintiff,

v.                                                Case No. 5:16cv100/MP/CJK

UNITED STATES OF AMERICA, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner proceeding *pro se*, has filed a civil rights complaint under 28 U.S.C. §§ 1331, 1346, and various other statutes, with over 100 pages of exhibits (doc. 1), and a motion to proceed *in forma pauperis* (doc. 2). Upon review of plaintiff's complaint and prior litigation history, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(g), because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiation of this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the

> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

   The court takes judicial notice of the following four federal civil actions or appeals previously filed by plaintiff, while incarcerated, that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Brinkley v. United States of America*, No. 5:10-ct-03084-BO, 2012 WL 78376 (E.D. N.C. 2012) (dismissing, under § 1915(e)(2)(B), plaintiff's complaint raising claims

under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, due to plaintiff's failure to exhaust administrative remedies and failure to comply with Rule 8's pleading requirements), *appeal dismissed as frivolous*, 474 F. App'x 151 (4th Cir. 2012); *Brinkley v. United States of America*, No. 5:14-hc-02254-D (E.D. N.C. May 5, 2015) (dismissing civil action filed by plaintiff as frivolous under 28 U.S.C. § 1915A, describing plaintiff's "29-page collection of documents, together with several exhibits" as "contain[ing] nothing but delusional, nonsensical, and baseless allegations"); *Brinkley v. United States of America*, No. 8:14cv02790-MSS-TBM (M.D. Fla. Dec. 2, 2014) (striking plaintiff's complaint as "another verbose and largely incomprehensible paper", and dismissing action without prejudice).  All of the foregoing cases may be positively identified as having been filed by plaintiff, because they bear his Federal Bureau of Prisons' inmate number (39427-018).

As plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra.*  Plaintiff's complaint is devoid of any such allegations.  Plaintiff identifies himself as a "Natural Sentient Living Vir Person" (doc. 1, p. 1), and a "Natural Native Indigent Born Of Woman & Created by YHVH, As An Sentient Living, Breathing, Flesh, Blood & Bone, Soul free

(Proprietas Plean 'Freehold' Allodia & Allodium) Sovereign Body Human Male Person". (Doc. 1, p. 6). Plaintiff describes this action as a "Constitutional Citation Complaint, Is Expressed & Presented Pursuant To & Under the Authority, Jurisdiction & Venue Of The President Of The United States Of America & Republic Of Florida, As An 'Offer Of Performance, By Presentment Affidavit Memorandum Of Law & Understanding, With Points & Authorities'". (Doc. 1, p. 1). Plaintiff is suing the United States of America and eleven other defendants, claiming that he was "illegally arrested, searched, me & my property seized, detained & imprisoned, then illegally indicted, convicted, passed judgment upon & sentenced" by the defendants "by & through an 'Artificial (strawman) corporate vessel Person' by the Corporate Name: 'DAVID EUGENE BRINKLEY'", where "NO WHATSOEVER TYPE OF CONTRACT or CESTUI QUE TRUST or CONTRACT TRUST AGREEMENT exist" between plaintiff and the defendants. (Doc. 1, p. 6). As relief, plaintiff seeks to "VOID & DISMISS THE JUDGMENT." (Doc. 1, p. 8). Plaintiff's nonsensical claims and allegations do not qualify him for § 1915(g)'s imminent danger exception. Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears that he is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED and this action DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 27th day of April, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.